IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE McNEAL,

        Plaintiff,                    No. CIV S-09-1626 KJM P

   vs.

DALU, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Because plaintiff has not consented to this court's jurisdiction within the time specified on the forms sent to him, the Clerk of the Court is directed to assign a district judge to this action.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $3.32 will be assessed by this

1

order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

It is difficult to reduce plaintiff's claims to the short and plain statement required by Rule 8 of the Federal Rules of Civil Procedure, because the complaint takes the form of a seventeen page stream-of-consciousness monologue, which mixes factual allegations with legal conclusions. However, the gravamen of the complaint is that the defendants deprived plaintiff of his legal property during the time he had deadlines to meet in two cases pending in this court.

Plaintiff alleges that in April 2008, he was placed in Administrative Segregation at High Desert State Prison and "immediately started putting in inmate requests . . . to receive my legal property because I had a deadline. . . ." Docket No. 1 at 4. Defendant Dalu gave plaintiff some of his legal and personal property, but denied his request to go through the rest of his legal property to retrieve what he needed. Id. at 5. It then became clear to plaintiff "that C/O Dalu was interfereing [sic] with my Federal Constitutional right of access to the courts in a retaliatory fashion . . . for my actions in the courts . . . ." Id. at 5-6. As his deadlines approached, he told defendants Plainer and Wright that he needed his legal property and told defendant Dalu "everytime I saw her . . . [but] this fell on deaf ears." Id. at 7. Eventually, plaintiff learned that defendant Dalu had all his legal property even though she told him she had found only one box of it. Id. at 7. In addition, she "fabricated this story" that plaintiff was given access to his legal property on June 30, 2008, id. at 10, when she did not actually give him his property until July 18, 2008. Id. at 9.

Defendant Lynn "has inserted hisself in the middle of this" by lying about a personal interview with plaintiff regarding plaintiff's access to his legal property. Id. at 14. Defendant Perez made false statements, apparently in connection with a grievance. Id. at 16.

3

1    Ultimately plaintiff received additional time in which to file his opposition to a
2 motion for summary judgment in Civ. No. S-05-441, but the court to continue his October 6,
3 2008 trial date in Civ. No. S-02-2524. Id. at 10.

4    On September 2, 2008, plaintiff arrived at California State Prison–Corcoran but
5 did not receive his legal property until September 15. He was brought to California State Prison-
6 Folsom on September 30, 2008 in anticipation of trial; he did not again receive his legal property
7 until the morning of trial. The jury did not find in his favor in Civ. No. S-02-2524. Id. at 13.

8    Plaintiff alleges that these actions denied him access to the courts. An inmate has
9 a constitutionally protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S.
10 817, 820-21 (1977). A prisoner's separation from his legal materials might implicate his right of
11 access to the courts. To prevail, however an inmate must show "actual injury" from the
12 deprivation. Lewis v. Casey, 518 U.S. 343, 351 (1996). Plaintiff has alleged that he was given
13 additional time to file his opposition to the motion for summary judgment in Civ. No. S-05-441
14 and has not alleged that his right of access was denied in that case. He has alleged that he lost
15 the trial in Civ. No. S-02-2524, but he has not clearly linked this to the period of time that his
16 materials were not in his possession when he was at High Desert State Prison. He will be given
17 the opportunity to amend his complaint relating to Civ. No. S-02-2524, but not as to Civ. No. S-
18 05-441.

19    Plaintiff also alleges that Dalu's actions were taken in retaliation for plaintiff's
20 litigation. Retaliatory actions taken against a prisoner for exercising his First Amendment rights
21 violate the constitution whether or not the underlying misconduct would establish a
22 constitutional violation. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff's
23 claim lacks "facial plausibility," however, for it relies only on his belief that Dalu's actions were
24 motivated by his history of litigation against her colleagues; he presents no facts from which this
25 court can draw this inference. He will be given the opportunity to amend this portion of his
26 complaint, if he is able to.

4

Finally, plaintiff alleges that Dalu, Perez and Lynn lied or falsified documents about plaintiff's legal property. To the extent that these alleged falsifications occurred during plaintiff's pursuit of grievances, they do not implicate plaintiff's constitutional rights; the manner in which a grievance is processed does not raise constitutional concerns. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003); Mann v. Adams, 846 F.2d 589 (9th Cir. 1988) (no right to a grievance procedure). In addition, if the claim is based simply on the fact that these defendants falsified information, it similarly does not state a claim because there is no constitutional right to be free of false information, and plaintiff has not otherwise demonstrated that these falsehoods were relied upon in a constitutionally significant manner. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986).

The court has determined that the complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint to the extent plaintiff is able to do so while complying with Federal Rule of Civil Procedure 11.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

/////

1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is cautioned against filing any amended complaint in the same manner as his original complaint. In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information." The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. Id. As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id.

Plaintiff's complaint suffers from many of the same problems as the pleading dismissed in McHenry: there is much "'narrative rambling[]. " Id. at 1176. As in McHenry, "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges." Id. at 1179. Plaintiff's amended complaint should strive to present its claims in concise, understandable fashion.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (dockets 4 & 5) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee of $3.32.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";  failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to assign a district judge to this action.

DATED:  November 23, 2009.

_____
U.S. MAGISTRATE JUDGE

2:mcnea1626.14

7