IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE McNEAL,

      Plaintiff,                      No. CIV S-09-1626 JAM KJM P

   vs.

DALU,

      Defendant.                   FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On November 24, 2009, this court granted plaintiff's motion to proceed in forma pauperis and dismissed his complaint, giving him leave to file an amended complaint. Plaintiff has now filed his amended complaint.

        Plaintiff alleges that defendant Dalu withheld plaintiff's legal materials for seventy-two days of the 114 days that he was in segregation in High Desert State Prison even though he had filing deadlines in two other cases. Amended Complaint (Am. Compl.) ¶¶ 57-58. Specifically, he alleges he was required to file a pretrial statement and prepare for trial in Civ. No. S-02-2524 MCE JFM P and prepare an opposition to a motion for summary judgment in Civ. No. S-05-441 GEB EFB P. He contends that Dalu's actions were retaliatory and denied him access to the courts. His amended complaint, however, fails to state a claim.

1       An inmate has a constitutionally protected right of meaningful access to the
2   courts. Bounds v. Smith, 430 U.S. 817, 820-21 (1977). A showing of "actual injury" is a
3   constitutional prerequisite to establishing a claim based on the denial of access to the courts; to
4   make the required showing, plaintiff must allege that a non-frivolous claim has been frustrated or
5   impeded. Lewis v. Casey, 518 U.S. 343, 351 (1996). Plaintiff conceded that he received several
6   extensions of time in which to file his opposition to the motion for summary judgment in Civ.
7   No. S. 05-441; a check of the court's docket shows that the motion for summary judgment is still
8   pending and that plaintiff filed an opposition.[1] Dalu's actions did not deny him access to the
9   court in No. 05-441. See Atwell v. Lavan, 557 F.Supp.2d 532, 558 (M.D.Pa. 2008).

10      Plaintiff alleges that the delay in providing him his legal property hindered his
11  trial preparation and his ability to "refile motions in limine etc, pretrial statement." The docket
12  for Civ. No. S-02-2524 shows that plaintiff filed his pretrial statement in 2005 and that the court
13  accepted motions in limine that he had filed in January, 2008 without requiring him to file new
14  motions. See Civ. No. S-02-2524, Docket Nos. 86, 159. In addition, the docket reflects that
15  plaintiff filed objections to defendants' exhibits and a declaration concerning a witness's request
16  to be excused from testifying. Id., Docket No. 174, 178. His claims that Dalu's refusal to give
17  him his legal property hindered his trial preparation, but does not describe what he could have
18  done differently during trial had he been given earlier access to the material. He has not shown
19  that he was denied access to the court in No. S-02-2524 either.

20      Plaintiff alleges that Dalu undertook his actions in retaliation for plaintiff's
21  lawsuits against some of Dalu's co-workers. Retaliatory actions taken against a prisoner for
22  exercising his First Amendment rights violate the constitution whether or not the underlying
23  misconduct would establish a constitutional violation. Rhodes v. Robinson, 408 F.3d 559, 567-
24  68 (9th Cir. 2005) (footnote omitted).

---

[1] The court takes judicial notice of its own records. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

2

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Id. An allegation of harm, rather than of chill, may be a sufficient basis for a claim of retaliation. Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989). For the same reasons set forth above, plaintiff's access-to-courts claim fails his retaliation claim fails as well–he has not alleged how he was harmed by Dalu's action.

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 27, 2010.

_____
U.S. MAGISTRATE JUDGE

2

mcne1626.56.